IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

NORMAN ERIC SIMMONS, §
§
    Plaintiff, §
§
v. § Civil Action No. H-12-1512
§
REGENCY LEASING L.L.C., et al., §
§
    Defendants. §

**<u>MEMORANDUM AND RECOMMENDATION</u>**

Pending before the court[1] are Defendants Regency Leasing, L.L.C. ("Regency LLC"), Morris Malka ("Malka"), Jennifer Nackab ("Nackab") and Ariey Nusbaum's ("Nusbaum") 12(b)(2) Motion to Dismiss (Doc. 69); Defendant Nackab's 12(b)(6) Motion to Dismiss (Doc. 70); and Defendant Nusbaum's 12(b)(6) Motion to Dismiss (Doc. 71). The court has considered the motions, the responses thereto, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Defendants Regency LLC, Malka, Nackab and Nusbaum's 12(b)(2) motion be **GRANTED**; that Defendant Nackab's 12(b)(6) motion be **DENIED AS MOOT**; and that Defendant Nusbaum's 12(b)(6) motion be **DENIED AS MOOT**.

It is also **RECOMMENDED** that Defendants World Class Motorsports Corporation, Pure Motoring Group LLC, Blak on Blak Enterprises, Inc., Gerald Redmond ("Redmond"), Chuvalo Ferrell ("Ferrell"), the County of Los Angeles Sheriff's Department Headquarters, Executive

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. Doc. 5.

Luxury Rental LLC, Mark Hamilton ("Hamilton"), Mike Anderson, Harris County District Attorney, and the City of Houston be **DISMISSED** for Plaintiff's failure to serve them within the limits of Federal Rule of Civil Procedure ("Rule") 4(m).

## I.  Case Background

Plaintiff brought this action against the defendants as a result of events and conduct arising from Plaintiff's purchase of a 2010 Porsche Panamera and a 2011 Mercedes-Benz in August and November 2011, respectively, from several of the defendants.

## A.  <u>Factual History</u>

The following factual account is derived from Plaintiff's live complaint, Doc. 64.

In or around August 2011, Defendant Mani Chilpayen ("Chilpayen") contacted[2] Plaintiff in Texas to solicit Plaintiff's purchase of a 2010 Porsche Panamera ("Porsche") for approximately $81,990.00.[3]  During this conversation, Chilpayen allegedly represented himself as a car dealer from Atlanta, Georgia, and as an agent of Regency LLC, Worldclass Motorsports Corporation, Pure Motoring Group, LLC, Blak on Blak Enterprises, Inc., Executive Luxury Rental, LLC, Hamilton, Malka, Nackab, and Nusbaum, Ferrell, and Redmond, as well as other named and unnamed defendants in this

---

[2]    Plaintiff's complaint does not specify the means by which Chilpayen contacted Plaintiff, but instead references Chilpayen's "initial telephonic, electronic and/or digital communications" with Plaintiff.  Doc. 64, Pl.'s 3$^{d}$ Am. Orig. Compl. p. 8.

[3]    <u>See</u> <u>id.</u> pp. 8-9.

action.[4]

In order to purchase the Porsche, Chilpayen required Plaintiff to make a down payment in the amount of $15,000.00 to reserve the vehicle, pay an additional $15,000.00 upon delivery of the vehicle, and pay $1900.00 per month for forty-eight months, beginning November 5, 2011.[5]   Plaintiff agreed to these conditions and made the deposit to Regency LLC through a Chase bank account.[6]

Chilpayen and Hamilton then drove the Porsche to Texas and delivered it to Plaintiff.[7]   Prior to executing the purchase contract for the vehicle, Plaintiff agreed to pay the $15,000.00 due on delivery and offered to turn over the title and possession of his 2006 Maserati to pay off the remaining balance on the Porsche.[8]   Chilpayen accepted the $15,000.00 delivery payment and took possession of the Maserati in payment for the balance on the Porsche's purchase price.[9]   Around the same time, Plaintiff entered into a Vehicle Use Agreement ("VUA") for the purchase of the Porsche with Regency Leasing, Inc. ("Regency Inc."), which had a business address in Atlanta, Georgia.[10]   According to Plaintiff, the

---

[4]     See id. p. 8.

[5]     See id.

[6]     See id. pp. 9-10.

[7]     See id. p. 10.

[8]     See id.

[9]     See id.

[10]    See id. p. 11.

3

VUA identified Regency Inc. as the owner of the Porsche, Blak on Blak Enterprises, LLC, as the mortgagor of the Porsche, and Plaintiff as the user of the Porsche.[11]   Pursuant to the VUA, Plaintiff requested information on the status of his account and requested that he be provided with the title to the Porsche; neither request was granted.[12]

In November 2011, Chilpayen again contacted Plaintiff to offer for sale a 2011 Mercedes-Benz for $144,648.00 to be paid in monthly installments of $4,018.00.[13]   Chilpayen informed Plaintiff that Malka required a down payment of $45,000.00 for the purchase of the Mercedes-Benz.[14]   Plaintiff made an initial down payment of $20,000.00 to Regency LLC's Chase bank account and then traveled to Regency LLC's office in Hollywood, Florida, where he made a second $22,000.00 payment towards the purchase price of the Mercedes-Benz.[15]  Malka also required Plaintiff to pay $7,000.00 by November 5, 2011, to Hamilton.[16]   On November 11, 2011, Plaintiff and Chilpayen entered into an Automobile Lease Agreement ("ALA") for the Mercedes-Benz.[17]  Under the ALA, Plaintiff was identified as the

---

[11]   See id.

[12]   See id. pp. 11-12.

[13]   See id. p. 13.

[14]   See id.

[15]   See id.

[16]   See id.

[17]   See id. p. 14.

lessee, "Regency Leasing" was identified as the broker, and Defendant Steven Smith ("Smith") was identified as the owner and lessor of the Mercedes-Benz.[18]   As with the Porsche, Plaintiff requested the title documents to the Mercedes-Benz.[19]

Two months later, in January 2012, Plaintiff claims that he was instructed to return the Porsche to Florida.[20]   Plaintiff also alleges that he was informed that the Porsche would be returned to him along with the title and licensing papers for both the Porsche and the Mercedes-Benz.[21]   However, the Porsche was not returned to Plaintiff.[22]   Also around January 2012, the Mercedes-Benz was reported stolen by Defendants Smith and Redmond in Los Angeles, California.[23]   In response to the official stolen vehicle report filed for the Mercedes-Benz, the State of California issued an interstate bulletin to local and state authorities for the vehicle.[24]   A search warrant was issued on September 12, 2012, in Fort Bend County, Texas, to search Plaintiff's premises and property for the Mercedes-Benz.[25]   The Mercedes-Benz was ultimately

---

[18]   See id.

[19]   See id.

[20]   See id.

[21]   See id. pp. 14-15.

[22]   See id. p. 15.

[23]   See id. p. 16.

[24]   See id.

[25]   See id. pp. 17-18.

seized by a repossession firm.[26]   According to Plaintiff, he made good faith payments on both vehicles pursuant to their respective contracts throughout the duration of the aforementioned events.[27]

**B.   <u>Procedural History</u>**

Plaintiff filed this action on May 16, 2012.[28]   Two months later, on July 18, 2012, Plaintiff filed his first amended complaint and an application for a temporary restraining order and injunctive relief.[29]   The next day, Plaintiff's application for a temporary restraining order and injunctive relief was denied.[30] Without leave of court, Plaintiff filed a second amended complaint and application for a temporary restraining order and injunctive relief on July 20, 2012.[31]   The court again denied Plaintiff's application for a temporary restraining order and injunctive relief.[32]

On December 7, 2012, Defendants Regency LLC, Malka, and Nackab filed the pending motion to dismiss pursuant to Rule 12(b)(2);

---

[26]      See <u>id.</u> p. 18.

[27]      See <u>id.</u> p. 15.

[28]      See Doc. 1, Pl.'s Orig. Compl.

[29]      See Doc. 3, Pl.'s 1st Am. Compl. & Appl. for TRO & Inj. Relief; Doc. 11, Defs.' Ans. to Pls.' Am. Compl.

[30]      See Doc. 4, Order Denying Pl.'s Appl. for TRO & Inj. Relief.

[31]      See Doc. 6, Pl.'s 2nd Am. Compl.; Doc. 11, Defs.' Answer to Pl.'s 2nd Am. Compl.

[32]      See Doc. 7, Mem., Recommendation & Order Dated July 26, 2012; Doc. 10, Order Dated Aug. 17, 2012.

Defendant Nackab also filed a Rule 12(b)(6) motion to dismiss.[33]
Plaintiff filed a response to these motions to dismiss on December
28, 2012.[34]   On February 5, 2013, Defendant Nusbaum filed a Rule
12(b)(2) motion to dismiss and a Rule 12(b)(6) motion to dismiss.[35]
Ten days later, on February 15, 2013, Plaintiff filed his third
amended complaint, without leave of court.[36]   Plaintiff filed a
response to Defendant Nusbaum's pending motions to dismiss three
weeks later, on March 6, 2013, to which Defendant Nusbaum replied
on March 13, 2013.[37]

On April 29, 2013, the court entered a Memorandum and
Recommendation, recommending that Regency LLC, Malka, Nackab and
Nusbaum's Rule 12(b)(2) motions to dismiss be granted.[38]   Plaintiff
objected, complaining that the court failed to consider factual
information found in sworn testimony attached to a superceded
complaint, among other arguments.[39]   As a result, on June 21, 2013,

---

[33]   See Doc. 18, Defs. Regency LLC, Malka & Nackab's Rule 12(b)(2) Mot.
to Dismiss; Doc. 19, Def. Nackab's Rule 12(b)(6) Mot. to Dismiss.

[34]   See Doc. 21, Pl.'s Resp. in Opp'n to Defs. Regency LLC, Malka &
Nackab's Rule 12(b)(2) & Def. Nackab's Rule 12(b)(6) Mots. to Dismiss; see also
Doc. 28, Defs. Regency LLC, Malka & Nackab's Reply to Pl.'s Resp. in Opp'n to
Rule 12(b)(2) & Rule 12(b)(6) Mots. to Dismiss.

[35]   See Doc. 29, Def. Nusbaum's Rule 12(b)(2) Mot. to Dismiss; Doc. 30,
Def. Nusbaum's Rule 12(b)(6) Mot. to Dismiss.

[36]   See Doc. 33, Pl.'s 3rd Am. Compl.

[37]   See Doc. 34, Pl.'s Resp. in Opp'n to Def. Nusbaum's Mots. to Dismiss;
see also Doc. 37, Def. Nusbaum's Reply in Support of Mots. to Dismiss.

[38]   See Doc. 40, Mem. &  Recommendation Dated April 29, 2013 p. 1.

[39]   See Doc. 42, Pl.'s 1st Objections to Mem. & Recommendation pp. 4-5.

the district court granted Plaintiff thirty days to file an amended complaint.[40]

On August 9, 2013, after the amendment period expired, Plaintiff filed a motion for an extension of time within which to file an amended complaint, along with the proposed amended complaint.[41] Like the previous complaint, the third amended complaint alleged causes of action for breach of contract, tortious interference, unjust enrichment, conversion, intentional infliction of emotional distress ("IIED"), violations of the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") and the Texas Theft Liability Act ("TTLA"), wrongful repossession, and conspiracy.[42]  In the amended complaint, Plaintiff sought a declaratory judgment, injunctive relief, imposition of a constructive trust/disgorgement, and monetary damages.[43] The motion for extension of time was granted on September 16, 2013.[44] Defendants filed the pending motions to dismiss on September 30, 2013.  Plaintiff has failed to file a response to these motions.

---

[40]    See Doc. 49, Order Dated June 21, 2013.

[41]    See Doc. 64, Pl.'s 3rd Am. Orig. Compl.; Doc. 65, Mot. for Ext. of Time.

[42]    See Doc. 64, Pl.'s 3rd Am. Orig. Compl.  In fact, other than non-material formatting changes and the omission of two paragraphs in Count VI (DTPA) of the earlier complaint, the complaints are identical.  Notably, Plaintiff did not add any facts which would support a finding of personal jurisdiction.

[43]    See id.

[44]    See Doc. 68, Order Dated Sept. 16, 2013.

## II.  Legal Standards

### A.  Rule 12(b)(2)- Lack of Personal Jurisdiction

The Rules authorize a court to dismiss an action against a defendant when the court lacks personal jurisdiction over that defendant.  <u>See</u> Fed. R. Civ. P. 12(b)(2).  On a motion to dismiss decided without benefit of an evidentiary hearing, the plaintiff bears the burden of establishing a prima facie case in support of jurisdiction.  <u>Johnston v. Multidata Sys. Int'l Corp.</u>, 523 F.3d 602, 609 (5th Cir. 2008).

The district court may receive "any combination of recognized methods of discovery," including affidavits, interrogatories, and depositions to assist it in the jurisdictional analysis.  <u>Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.</u>, 517 F.3d 235, 241 (5th Cir. 2008) (quoting <u>Thompson v. Chrysler Motors Corp.</u>, 755 F.2d 1162, 1165 (5th Cir. 1985)).  The court resolves all conflicts in the evidence in favor of the plaintiff and accepts as true all of the plaintiff's uncontroverted allegations.  <u>Johnston</u>, 523 F.3d at 609.

A federal court has personal jurisdiction over a nonresident defendant if the forum state's long-arm statute confers jurisdiction and if jurisdiction is consistent with due process under the United States Constitution.  <u>Johnston</u>, 523 F.3d at 609.  In Texas, the long-arm statute permits personal jurisdiction to the full extent allowed by the Due Process Clause.  <u>Id.</u>

> The Due Process Clause . . . permits the exercise of personal jurisdiction over a nonresident defendant when (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend "traditional notions of fair play and "substantial justice."

Latshaw v. Johnston, 167 F.3d 208, 211 (5th Cir. 1999)(quoting Int'l Shoe Co. v. Wash., 326 U.S. 310, 316 (1945)).

Minimum contacts are established with a state by a defendant whose "conduct and connection" with that state are significant enough that the defendant "should reasonably anticipate being haled into court" in that state. Nuovo Pignone, SpA v. STORMAN ASIA M/V, 310 F.3d 374, 379 (5th Cir. 2002)(quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985)). The defendant must "purposely avail[] itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." Id. (quoting Burger King Corp., 471 U.S. at 475).

Continuous and systematic contacts are grounds for the exercise of general jurisdiction over a nonresident defendant for any cause of action regardless of whether the claim arose from specific activity within the forum. Luv n' care, Ltd. v. Insta-Mix, Inc., 438 F.3d 465, 469 (5th Cir. 2006)(quoting Helicopteros Nacionales de Colom., S.A. v. Hall, 466 U.S. 408, 414 n.9 (1984)). Specific jurisdiction may exist if the asserted cause of action arises out of or is related to the defendant's contact with the forum. Luv n' care, Ltd., 438 F.3d at 469 (citing Helicopteros

Nacionales de Colom., S.A., 466 U.S. at 414 n.8).   Upon a showing
of minimum contacts, the court considers the second prong of the
due process analysis, whether personal jurisdiction comports with
traditional notions of fair play and substantial justice.   See
Ruston Gas Turbines, Inc. v. Donaldson Co., 9 F.3d 415, 421 (5th
Cir. 1993).

**B.   Rule 12(b)(6)- Failure to State a Claim**

     Pursuant to Rule 12(b)(6), dismissal of an action is
appropriate whenever the complaint, on its face, fails to state a
claim upon which relief can be granted.   When considering a motion
to dismiss, the court should construe the allegations in the
complaint favorably to the pleader and accept as true all well-
pleaded facts.   Sullivan v. Leor Energy, LLC, 600 F.3d 542, 546 (5th
Cir. 2010).

     A complaint need not contain "detailed factual allegations"
but must include sufficient facts to indicate the plausibility of
the claims asserted, raising the "right to relief above the
speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555
(2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).
Plausibility means that the factual content "allows the court to
draw the reasonable inference that the defendant is liable for the
misconduct alleged." Iqbal, 556 U.S. at 678.   A plaintiff must
provide "more than labels and conclusions" or "a formulaic
recitation of the elements of a cause of action." Twombly, 550

U.S. at 555.   In other words, the factual allegations must allow for an inference of "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678.

**C. Rule 4(m) - Failure to Timely Serve a Defendant**

Rule 4(m) requires that a complaint be served within 120 days after filing the complaint. See also Millan v. USAA Gen. Indem. Co., 546 F.3d 321, 324, 325 (5th Cir. 2008).   If the plaintiff fails to serve a defendant within that time period, Rule 4(m) allows the court to dismiss the action against the unserved defendant. Fed. R. Civ. P. 4(m); Millan, 546 F.3d at 325.   The court may do so sua sponte provided it gives the plaintiff notice.   Fed. R. Civ. P. 4(m); Millan, 546 F.3d at 324.   If, however, the plaintiff can show good cause for failing to serve the defendant, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m); see also Millan, 546 F.3d at 325.

### III.   Analysis

**A. Personal Jurisdiction**

In his live complaint, Plaintiff contends that this court has personal jurisdiction over Defendants Regency LLC, Malka, Nackab, and Nusbaum (collectively "Defendants") because of their alleged conduct and misrepresentations in connection with his purchases of the Porsche and Mercedes-Benz.   Plaintiff also seeks to invoke the court's jurisdiction over Defendants Regency LLC, Malka, Nackab and Nusbaum on the grounds that they are "agents, principals,

employees,   servants,   partners,   joint   venturers   and/or
representatives" of one another.[45]

Defendants challenge Plaintiff's ability to make a prima facie
showing that they had sufficient contacts with Texas to justify
either general or specific jurisdiction.  In particular, Defendants
argue that this court does not have personal jurisdiction over them
because Plaintiff's claimed contacts with Chilpayen and Hamilton
for the purchases of the Porsche and Mercedes-Benz did not involve
Regency LLC or its corporate owners and officers.  Alternatively,
Malka, Nackab, and Nusbaum argue that, even if the court could
exercise personal jurisdiction over Regency LLC, the fiduciary-
shield doctrine prevents the court from exercising personal
jurisdiction over Malka, Nackab, and Nusbaum for contacts stemming
from their positions as officers and owners of Regency LLC.

The court proceeds to consider whether it can exercise either
general or specific jurisdiction based on Defendants' contacts with
Texas as alleged by Plaintiff.

**1.  General Personal Jurisdiction**

In the Fifth Circuit, the "continuous and systematic contacts
test is a difficult one to meet, requiring extensive contacts
between a defendant and a forum." <u>Johnston</u>, 523 F.3d at 609
(quoting <u>Submersible Sys., Inc. v. Perforadora Cent., S.A.</u>, 249
F.3d 413, 419 (5th Cir. 2001)).  Courts are to review contacts with

---

[45]   <u>See</u> Doc. 64, Pl.'s 3rd Am. Orig. Compl. pp. 7-8.

the forum state in total over a reasonable numbers of years prior to the filing of the lawsuit. <u>Johnston</u>, 523 F.3d at 610. "[V]ague and overgeneralized assertions that give no indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction." <u>Id.</u> The court also need not credit conclusory allegations, even if uncontroverted. <u>Panda Brandywine Corp. v. Potomac Elec. Power Co.</u>, 253 F.3d 865, 869 (5th Cir. 2001).

Here, the court cannot exercise general jurisdiction. Defendants Malka, Nackab, and Nusbaum have each produced declaration testimony that they: (1) are domiciled outside of Texas; (2) have never resided in Texas; (3) have never owned, operated, or managed a place of business in Texas; (4) have never owned property in Texas; and (5) have never conducted business with a banking institution in Texas.[46]   In his capacity as manager of Regency LLC, Malka testified via declaration that Regency LLC was registered as a limited liability company in Florida, had no business locations in Texas, did not own, operate, or manage a place of business in Texas, did not own property in Texas, did not conduct banking business with any financial institution in Texas, and did not hire or train any employees from or in Texas.[47] Plaintiff does not contest this testimony.

---

[46]   <u>See</u> Doc. 69, Exs. A–D to Defs. Regency, Malka, Nackab & Nusbaum's Rule 12(b)(2) Mot. to Dismiss, Decls. of Malka on behalf of Regency LLC, Malka, individually, Nackab and Nusbaum.

[47]   <u>See</u> Doc. 69, Ex. A to Defs. Regency LLC, Malka, Nackab & Nusbaum's Rule 12(b)(2) Mot. to Dismiss, Malka's Decl. on Behalf of Regency LLC.

In his response to the earlier-filed motions to dismiss, Plaintiff argued that the website for Regency LLC described Regency LLC as a "One-Stop Nationwide Leasing and New Auto Sales" company and invited potential customers to engage in "lease swapping."[48] The court rejected Plaintiff's argument then, finding that while the assertion of personal jurisdiction over websites in which defendants form contracts with nonresident parties via the online transfer of computer files was proper, the assertion of personal jurisdiction based on passive websites that did "nothing more than advertise on the Internet" was inappropriate.[49] The court noted that "mere interactivity, even when coupled with evidence of actual transactions with forum state residents, is not enough to establish general jurisdiction."[50] Plaintiff's live pleading fails to allege any facts which could support the exercise of general jurisdiction over Regency LLC because of its website.

Malka testified that Regency LLC "has never sold or marketed any vehicle in the State of Texas," "did not purposefully market or sell its vehicles to Texas residents," and "has never conducted business in Texas with Texas corporations other than that which can

---

[48]     Doc. 21, Pl.'s Resp. in Opp'n to Defs. Regency LLC, Malka, and Nackab's Rule 12(b)(2) & Def. Nackab's Rule 12(b)(6) Mots. to Dismiss.

[49]     See Doc. 40, Mem. & Recommendation p. 14 (citing Mink v. AAAA Dev. LLC, 190 F.3d 333, 336 (5th Cir. 1999); see Optimal Beverage Co., Inc. v. United Brands Co., 2007 WL 654614, at *3 (S.D. Tex. Feb. 27, 2007) (unpublished)).

[50]     Id. p. 15 (citing Optimal Beverage Co., Inc., 2007 WL 654614, at *4 (citing Revell v. Lidov, 317 F.3d 467, 469-70 (5th Cir. 2002))).

be considered 'random,' 'fortuitous,' and/or 'attenuated.'"[51] According to Malka's testimony, business relationships between Regency LLC and the State of Texas amount to significantly less than one percent of Regency LLC's total business.[52] Plaintiff has produced nothing to counter Malka's testimony. Accordingly, the court finds that Plaintiff has failed to meet his prima facie burden as to general personal jurisdiction over Regency LLC, Malka, Nackab, and Nusbaum.

**2. Specific Personal Jurisdiction**

With respect to specific personal jurisdiction, the Fifth Circuit employs a three-step analysis, which combines the due process and the specific jurisdiction considerations, to determine whether the court can exercise specific jurisdiction:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

Nuovo Pignone, SpA, 310 F.3d at 378. The bottom line is that the act or acts upon which specific jurisdiction is based must be connected to the forum state and to the cause of action alleged. See id.

---

[51]    Doc. 69-1, Ex. A to Defs. Regency LLC, Malka, Nackab & Nusbaum's Rule 12(b)(2) Mot. to Dismiss, Malka's Decl. on Behalf of Regency LLC pp. 2-3.

[52]    Id. p. 3.

Here, Plaintiff attempts to make a prima facie showing of specific personal jurisdiction by pointing to Chilpayen's initiating contact with Plaintiff in Texas about the sales of the Porsche in August 2011 and the Mercedes-Benz in November 2011, the delivery of the Porsche to Plaintiff's home in Texas by Chilpayen and Hamilton, and the contracts for the purchase and use of the vehicles.  Plaintiff's complaint also stated that he traveled to Regency LLC's place of business in Florida and made a $22,000.00 payment to Malka for the Mercedes-Benz.  Generally, Plaintiff alleged in his complaint and briefing that Chilpayen and Hamilton were acting as agents of Regency LLC, Malka, Nackab, and Nusbaum, and thus, Chilpayen and Hamilton's actions could be imputed to Regency LLC, and thereby to Malka, Nackab, and Nusbaum.  The uncontroverted sworn testimony before the court indicates otherwise.

Specifically, Malka, individually and in his capacity as the manager of Regency LLC, and Nusbaum, independently testified that they did not employ Chilpayen or Hamilton and did not direct or allow Chilpayen or Hamilton to act on behalf of themselves or Regency LLC.[53]  Thus, Defendants contend, Chilpayen and Hamilton's actions directed at Plaintiff in the State of Texas cannot be imputed to Defendants.

---

[53]    See Doc. 69-1, Ex. A to Defs. Regency LLC, Malka, Nackab & Nusbaum's Rule 12(b)(2) Mot. to Dismiss, Malka's Decl.; id., Ex. D. Nusbaum's Decl. p. 1.

Defendants also direct the court's attention to the contracts involving the Porsche and Mercedes-Benz, the alleged breaches of which gave rise to this lawsuit.  Plaintiff alleged that Chilpayen solicited Plaintiff to purchase the Porsche and admits that the parties to the Porsche's VUA were Plaintiff and Regency Inc., a company located in Georgia, not Regency LLC.[54]  The ALA for the Mercedes-Benz identified "Regency Leasing" as the broker for the vehicle and, according to Plaintiff's own allegations, the transaction arose from Chilpayen's contacts with Plaintiff and was executed by Plaintiff and Chilpayen.[55]  Plaintiff's conclusory allegations that Chilpayen was an agent of Regency LLC, Malka, Nackab, and Nusbaum is not sufficient to sustain his burden on this issue and is insufficient to overcome Defendants' declarations.

Plaintiff did allege that he signed the ALA with Regency LLC for the Mercedes-Benz and made a $22,000.00 payment to Malka, however, those actions occurred in Florida and did not involve any contacts between Defendants and the State of Texas.  See id. (requiring minimum contacts with the forum state).  Accordingly, they do not give rise to Plaintiff's ability to assert specific personal jurisdiction over Malka or Regency LLC in Texas.  The court therefore finds that Plaintiff has failed to meet his prima facie burden of showing that Defendants Regency LLC, Malka, Nackab

---

[54]    See Doc. 64, Pl.'s 3rd Am. Orig. Compl. p. 11.

[55]    Id. p. 13.

18

and Nusbaum had minimum contacts with Texas that are sufficient for the court to impose personal jurisdiction over Defendants.

Having found that Defendants lack minimum contacts with Texas, the court need not discuss Malka, Nackab, and Nusbaum's alternative argument that the fiduciary-shield doctrine prevents the court from exercising personal jurisdiction over them for contacts stemming from their capacities as owners and officers of Regency LLC.

In light of Plaintiff's failure to make a prima facie showing of personal jurisdiction, the court **RECOMMENDS** that Defendants Regency LLC, Malka, Nackab and Nusbaum's Rule 12(b)(2) motion to dismiss be **GRANTED**.

## B. <u>Failure to State Claims</u>

Because the court recommends dismissal on the grounds that the court lacks personal jurisdiction over Defendants Nackab and Nusbaum, as discussed above, Nackab and Nusbaum's Rule 12(b)(6) motions to dismiss should be **DENIED AS MOOT**.

## C. <u>Failure to Timely Serve Certain Defendants</u>

On May 16, 2012, Plaintiff filed his original complaint and named Regency LLC, Malka, Nackab, Chilpayen, Nusdaum [sic] and Steven Smith as defendants.[56]  No summonses were issued for this complaint.  On July 18, 2012, Plaintiff filed an amended complaint maintaining his action against the original defendants and adding the following new defendants:  Worldclass Motorsports Corporation,

---

[56]     <u>See</u> Doc. 1, Pl.'s Orig. Compl. p. 1.

Pure Motoring Group, LLC, Blak on Blak Enterprises, Inc., Director of the Department of Motor Vehicles, County of Los Angeles Sheriff's Department Headquarters, Hamilton, Ferrell, Redmond, Executive Luxury Rental LLC and "Fictitious Defendants 'A,' 'B,' and 'C.'"[57]

The docket sheet reflects that summonses were issued to thirteen of the fifteen named defendants.[58] Defendant Steven Smith filed an answer on September 7, 2012,[59] and Defendants Regency LLC, Malka, and Nackab filed a motion to dismiss on December 7, 2012.[60]

On January 11, 2013, summonses were issued for Chilpayen, Hamilton, Blak on Blak Enterprises, Inc., Ferrell, and Nusbaum.[61] On February 5, 2013, Defendant Nusbaum filed two motions to dismiss.[62]

On February 15, 2013, Plaintiff filed his third amended complaint, maintaining his action against all previously-named defendants and adding Mike Anderson, Harris County District

---

[57]     See Doc. 3, Pl.'s 1st Am. Orig. Compl. p. 1.

[58]     It does not appear that summonses were issued to Hamilton or Pure Motoring Group, LLC.  See Docket Entry Dated Aug. 14, 2012.

[59]     See Doc. 11, Answer of Steven Smith.

[60]     See Doc. 18, Defs. Regency LLC, Malka & Nackab's 12(b)(2) Mot. to Dismiss.  The Department of Motor Vehicles entered into a stipulation with Plaintiff concerning this suit, and the court assumes it was served with process as well.  See Doc. 17, Stip. Regarding Waiver of Appearance.

[61]     See Docket Entry Dated Jan. 11, 2013.

[62]     See Doc. 29, Def. Nusbaum's 12(b)(2) Mot. to Dismiss; Doc. 30, Def. Nusbaum's 12(b)(6) Mot. to Dismiss.

Attorney, and the City of Houston.[63]   No summonses were issued for any defendant following this filing.  On August 9, 2013, Plaintiff filed his (second) third amended complaint which did not add any new defendants.[64]

It appears that Plaintiff has not timely served process on the following defendants, who were first named as defendants on July 18, 2012:  Worldclass Motorsports Corporation, Pure Motoring Group, LLC, Blak on Blak Enterprises, Inc., County of Los Angeles Sheriff's Department Headquarters, Hamilton, Ferrell, Redmond, and Executive Luxury Rental LLC.  Plaintiff has not timely served process on the Harris County District Attorney or the City of Houston who were first named in this suit on February 15, 2013.

Plaintiff has not provided any explanation for his failure to serve these defendants within the time limits set by Rule 4(m). The court finds it appropriate to **RECOMMEND** their **DISMISSAL** from this suit.  Plaintiff is on notice of the court's recommendation and is invited to brief his reasons for his failure to timely serve these defendants in connection with any timely filed objections to this Memorandum and Recommendation.  Upon a showing of good cause, the court will reconsider its recommendation.

## IV.  Conclusion

Based on the foregoing, the court **RECOMMENDS** that Defendants

---

[63]   See Doc. 33, Pl.'s 3rd Am. Orig. Compl. p. 1.

[64]   See Doc. 64, Pl.'s 3rd Am. Orig. Compl. p. 1.

Regency LLC, Malka, Nackab and Nusbaum's 12(b)(2) motion be **GRANTED**; that Defendant Nackab's 12(b)(6) motion be **DENIED AS MOOT**; and that Defendant Nusbaum's 12(b)(6) motion be **DENIED AS MOOT**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 6th day of November, 2013.

Nancy K. Johnson
United States Magistrate Judge

22